IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br>Plaintiff,<br><br>v.<br><br>JAMES HARVEY MASON,<br>Defendant,<br><br>THE JHM FOREX ONLY POOL (f/k/a THE JHM FOREX ONLY POOL, LP), and FOREX TRADING AT HOME,<br>Relief Defendants. | No. 3:13-cv-00196-GCM |

## [PROPOSED] ORDER OF PRELIMINARY INJUNCTION

On March 27, 2013, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") [Dkt. #1] against Defendant James Harvey Mason ("Defendant"), and Relief Defendants JHM Forex Only Pool and Forex Trading at Home ("Relief Defendants") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§1 *et seq.* (Supp. IV 2011) and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2012). Specifically, the CFTC's Complaint alleged that Defendant has violated, and is continuing to violate, Sections 4b(a)(2)(A), (C) of the Act, 7 U.S.C. §§6b(a)(2)(A), (C) (Supp. II 2009), Sections 4m(1), and 4*o*(1)(A) and (B) of the Act, 7 U.S.C. §§ 6m(1), and 6*o*(1)(A), (B) (2006), and Regulation 5.3(a)(2), 17 C.F.R. § 5.3(a)(2) (2012).

On March 27, 2013, this Court entered an *ex parte* Statutory Restraining Order [Dkt. #11] prohibiting the withdrawal, transfer, removal, dissipation, concealment, or disposition of Defendant's and Relief Defendants' assets, prohibiting the destruction of or prevention of CFTC access to Defendant's books and records, appointing a receiver, and providing for other relief.

This matter now comes before the Court on Plaintiff's Motion for an Order of Preliminary Injunction, filed on March 27, 2013 [Dkt. #6].

## I. FINDINGS OF THE COURT

The Court has considered the pleadings, exhibits, the incorporated memorandum of law filed in support of the Commission's Motion, the argument of counsel, and the Court being fully advised in the premises, and Defendants having had actual notice of the Motion,

**THE COURT FINDS:**

1. It appears to the satisfaction of the Court that there is good cause to believe Defendants have engaged, are engaging, and/or are about to engage in violations of the Act. Specifically, it appears that there is good cause to believe that Defendant has violated Sections 4b(a)(2)(A), (C) of the Act, 7 U.S.C. §§6b(a)(2)(A), (C) (Supp. II 2009), Sections 4m(1), and 4*o*(1)(A) and (B) of the Act, 7 U.S.C. §§ 6m(1), and 6*o*(1)(A), (B) (2006), and Regulation 5.3(a)(2), 17 C.F.R. § 5.3(a)(2) (2012).

2. Consequently, the Court is satisfied that this is a proper case for granting a preliminary injunction to preserve the *status quo*, protect Defendant's participants (as well as the trading public at large) from further loss and damage, remove the danger of further violations of the Act and the Regulations, and enable the Commission to fulfill its statutory duties.

### A. DEFINITIONS

For purposes of this Order, the following definitions apply:

3. "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, securities, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

4. "Document" is synonymous in meaning and equal in scope to the usage of the term in FED. R. CIV. P. 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5. "Defendant" refers to James Harvey Mason, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Mason, and any person who receives actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, insofar as he or she is acting in concert or participation with Defendants.

6. "Relief Defendants" refers to (a) The JHM Forex Only Pool (f/k/a The JHM Forex Only Pool, LP), as defined in the CFTC's Complaint to include all interrelated companies including, but not limited to, The JHM Forex Only Pool Irrevocable Trust and JHM Holdings, LLC, and (b) Forex Trading at Home, as defined in the CFTC's Complaint to include all interrelated companies including, but not limited to, Forex Trading at Home Association, Forex Trading at Home Partners, and FTAH Partners.

## II. CONCLUSIONS OF LAW

**THE COURT FURTHER FINDS:**

**A. Jurisdiction and Venue**

7. The Court has jurisdiction over the parties and subject matter of this case. Section 6c of the Act authorizes the CFTC to seek injunctive relief in a district court whenever it appears to the CFTC that a person or entity has engaged, is engaging, or is about to engage in any act or practice that constitutes a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder.

8. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Defendant transacted business in this District, and acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this District.

**B. Legal Standard for Preliminary Injunction**

9. Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2006), provides in pertinent part that "[u]pon a proper showing, a . . . temporary injunction . . . shall be granted without bond." Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), Plaintiff seeks a preliminary injunction against Defendant prohibiting, among other things, any future violations of the sections of the Act and the Regulations under which he has been charged.

10. The injunctive relief contemplated in this portion of the Act is remedial in nature, and is designed to prevent injury to the public and to deter future illegal conduct. Unlike private actions, which are rooted in the equity jurisdiction of the federal court, an agency's suit for injunctive relief is a creature of statute. The Commission's "[a]ctions for statutory injunctions need not meet the requirements for an injunction imposed by traditional equity jurisprudence." *CFTC v. Hunt*, 591 F.2d 1211, 1220 (7th Cir. 1979). Therefore, restrictive concepts ordinarily

associated with private litigation, such as proof of irreparable injury or inadequacy of other remedies, are inapplicable to this enforcement action. *See CFTC v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978). Instead, the CFTC is entitled to injunctive relief upon a *prima facie* showing that a violation of the law has occurred and that "there is some reasonable likelihood of future violations." *Hunt*, 591 F.2d at 1220. *See also CFTC v. British Am. Commodity Options Corp.*, 560 F.2d 135, 141 (2nd Cir. 1977) (noting that it is "well-established" that agency need only show reasonable likelihood wrong will be repeated for injunctive relief).

11. The record filed in support of the Commission's Motion constitutes a *prima facie* showing that Defendant violated certain provisions of the Act and the Regulations and that a reasonable likelihood of a future violation exists. Therefore, the issuance of the preliminary relief requested by the Commission is justified.

## C. *Prima Facie* Violations of the Act

12. Section 4b(a)(2)(A) and (C) of the Act prohibits cheating, defrauding, and deception in connection with off-exchange foreign currency ("forex") transactions. The record shows that Defendant misappropriated assets and made material misrepresentations and omissions of material facts to the prospective and actual pool participants with the requisite scienter. This conduct violates Section 4b(a)(2)(A) and (C) of the Act.

13. Section 4o(1)(A) and (B) of the Act prohibits commodity pool operators ("CPOs") from use the mails or any means or instrumentality of interstate commerce to commit fraud or deception. The record shows that Defendant, while acting as a CPO of the Relief Defendants, used the mails and other instrumentalities of interstate commerce to commit fraud and deception. This conduct violates Section 4o(1)(A) and (B) of the Act.

5

14. With certain exemptions and exclusions not applicable here, Section 4m(1) of the Act and Regulation 5.3(a)(2)(i) require all CPOs to register with the Commission. Section 4m(1) further makes it unlawful to any CPO to make use of the mails or other means or instrumentalities of interstate commerce in connection with its CPO business unless registered with the Commission. The record shows that Defendant acted as a CPO without registration and used the mails and other instrumentalities of interstate commerce for his CPO business. This conduct violates Section 4m(1) of the Act and Regulation 5.3(a)(2)(i).

**D.  Preliminary Injunctive Relief is Appropriate in this Case**

15. Because the Commission has made a prima facie showing that Defendants have violated Sections 4b(a)(2)(A), (C) of the Act, 7 U.S.C. §§6b(a)(2)(A), (C) (Supp. II 2009), Sections 4m(1), and 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6m(1), and 6o(1)(A), (B) (2006), and Regulation 5.3(a)(2), 17 C.F.R. § 5.3(a)(2) (2012), preliminary injunctive relief is proper, warranted, and appropriate in this case.

**III.  ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF THEREFORE, IT IS HEREBY ORDERED** that:

16. Defendant and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendant, and all persons insofar as they are acting in concert or participation with Defendant who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from, until further order of the Court, directly or indirectly:

   a.  Engaging in any conduct in violation of Section 4b(a)(2)(A) and (C) of the Act, including, but not limited to, misappropriating funds and making material misrepresentations and omission in connection with forex trading;

b. Engaging in any conduct in violation of Section 4o(1)(A) and (B) of the Act, including, but not limited to, using the mails or other instrumentalities of interstate commerce to commit fraud while acting as a CPO;

c. Engaging in any conduct in violation of Section 4m(1) of the Act and Regulation 5.3(a)(2)(i), including, but not limited to using the mails or other instrumentalities of interstate commerce in connection with CPO business without being registered with the Commission.

17. Defendant is further restrained, enjoined, and prohibited, until further order of the Court, from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (Supp. IV 2011), including, but not limited to, trading for himself or others;

b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2012)) ("commodity options"), security futures products, foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (Supp. IV 2011)) ("forex contracts") and/or swaps (as that term is defined in Section 1a(47) of the Act, 7 U.S.C. § 1a(47) (Supp. IV 2011) for his own personal account or for any account in which he has a direct or indirect interest;

7

c. having any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps traded on his behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and

g. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent, or any other officer or employee of any person or entity registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

**IT IS FURTHER ORDERED** that:

18. Defendant and Relief Defendants are restrained and enjoined from, directly or indirectly, withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise disposing of any funds, assets, or other property, wherever located, including funds, assets, or other property held outside the United States, except as ordered by the Court. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order, as well as accounts not specifically identified below.

19. Pending further order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of Defendant or Relief Defendants, or has held, controlled, or maintained custody of any funds, assets, or other property of Defendant or Relief Defendants, and who receives notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

    a. prohibit Defendant and Relief Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets, except as directed by further order of the Court;

    b. deny Defendant and Relief Defendants and all other persons access to any safe deposit box that is:

        1. titled in the name of or maintained by Defendant or Relief Defendants, either individually, jointly, or in any other capacity,

    including safe deposit boxes titled in the name of or maintained by nominees of Defendant or Relief Defendants; or

  2. otherwise subject to the control of or access by Defendant or Relief Defendants; and

 c. cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to Defendant's and Relief Defendants' accounts and Defendant's and Relief Defendants' businesses.

**IT IS FURTHER ORDERED** that:

20. Defendant and all persons or entities who receive notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Defendants.

21. Representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of Defendant and his agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

22. Defendant and Relief Defendants shall prepare, sign, and file with the Court, within 10 days of the date of this Order, a complete an accurate accounting for the period of July 2010 to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

a. all funds, assets, or other property held by, under the actual or constructive control of, or in the name of Defendant or Relief Defendants, describing the source, amount, and current location of each listed item;

   b. the name and last known address of each bailee, debtor, or other person or entity currently holding any funds, assets, or other property held by, under the actual or constructive control of, or in the name of Defendant or Relief Defendants;

   c. all funds, assets, or other property received directly or indirectly by Defendant or Relief Defendants, describing the source, amount, disposition, and current location of each listed item;

   d. the names, mailing addresses, email addresses, and telephone numbers of all persons or entities from whom Defendant or Relief Defendants received funds; and

   e. all funds, assets, or other property transferred or otherwise disposed of, directly or indirectly, by Defendant or Relief Defendants, describing the source, amount, disposition, and current location of each listed item.

23. It is further ordered that Defendant and Relief Defendants shall immediately take all steps within their power to repatriate all funds, assets, or other property that they currently maintain outside the United States, whether held by, under the actual or constructive control of, or in the name of Defendant or Relief Defendants, jointly or otherwise, and pay them to the Registry of the Court, or as otherwise ordered by the Court, for further disposition in this case.

## IV. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that:

24. Copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant or Relief Defendants, or that may be subject to any provision of this Order. Barry R. Blankfield, Jennifer E. Smiley, Heather Johnson and Joseph A. Konizeski, all employees of the CFTC, are hereby specially appointed to serve process, including of this Order and all other papers in this case.

## V. BOND NOT REQUIRED

**IT IS FURTHER ORDERED** that:

25. Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## VI. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that:

26. Defendant and Relief Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Barry R. Blankfield, Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois, 60661 and/or by filing such pleadings or other materials electronically with the Court.

## VII. APPOINTMENT AND AUTHORITY OF THE RECEIVER

27. Joseph W. Grier, III, of Grier, Furr & Crisp, PA, is appointed Receiver for the Defendant and Relief Defendants' assets and the assets and the assets of any affiliates or subsidiaries of Defendant or Relief Defendants, with the full powers of an equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

### A. Powers of the Receiver

28. **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

   a. Take exclusive custody, control, and possession of all funds, property, and other assets in the possession of, or under the control of Defendant or Relief Defendants, wherever situated that he has a reasonable basis to believe is related to this action. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information and digital data and other papers and documents;

   b. The Receiver is authorized to enter and inspect the business premises of Defendant and to take documents or other property related to Defendant;

   c. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to pool participants;

d. Prevent the withdrawal or misapplication of funds entrusted to Defendant and Relief Defendants, and otherwise protect the interests of pool participants;

e. Collect all money owed to Defendant and Relief Defendants;

f. Initiate, defend, compromise, adjust, intervene in dispose of, or become a party to any actions or proceedings in state, federal or foreign jurisdictions necessary to preserve or increase the assets of Defendant and Relief Defendants necessary to carry out the duties pursuant to this Order;

g. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities upon obtaining leave of this Court and thereafter, only upon further order of this Court;

h. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

i. Open one or more bank or securities accounts as designated depositories for funds of Defendant or Relief Defendants. The Receiver shall deposit all funds of Defendant and Relief Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver is authorized to invest receivership funds in U.S. Treasury securities, money market funds or other interest-bearing accounts as appropriate in the Receiver's judgment;

j.  Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by Defendant or Relief Defendants prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets; and

k.  Close out all forex positions or other outstanding positions and/or hold such assets without further court order.

**B.  Delivery to Receiver**

29.  **IT IS FURTHER ORDERED** that, immediately upon service of this Order upon him, Defendant and any other person or entity served with a copy of this order shall, immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

a.  Possession and custody of all funds and all other assets, belonging to Defendant and Relief Defendants;

b.  Possession and custody of documents of Defendant and Relief Defendants, including, but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

c.  All keys, computer passwords, entry codes, PIN numbers and combinations to locks necessary to gain or to secure access to any of the

assets or documents of Defendant or Relief Defendants, including but not limited to, access to business premises, means of communication, accounts, computer systems, or other property; and

  d. Information identifying the accounts, employees, properties or other assets or obligations of Defendant or Relief Defendants.

**C. Cooperation with Receiver**

30. **IT IS FURTHER ORDERED** that Defendant, his agents and representatives, and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver in the performance of his duties. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing all keys, entry codes, PIN numbers, and combinations to locks necessary to gain or secure access to any of the assets or documents of Defendant or Relief Defendants, and any password required to access any computer or electronic files in any medium of Defendant or Relief Defendants; and advising all persons who owe money to Defendant and Relief Defendants that all debts should be paid directly to the Receiver. However, this requirement does not impinge on any person's right to assert applicable privileges.

**D. Stay**

31. **IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, Defendant and Relief Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of Defendant, Relief Defendants,

the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

    a. Commencing, prosecuting, litigating or enforcing any civil suit, except that actions may be filed to toll any applicable statute of limitations;

    b. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Defendant or Relief Defendants or any property claimed by Defendant or Relief Defendants, or attempting to foreclose, forfeit, alter or terminate any of Defendant's or Relief Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

    c. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, right of offset, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendant, Relief Defendants, or the Receiver or any agent of the Receiver; and

    d. Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver, or to interfere with the exclusive jurisdiction of this Court over the property and assets of Defendant or Relief Defendants. This paragraph does not stay the commencement or continuation of an action or proceeding by a

governmental or regulatory unit, such as the National Futures Association, to enforce such governmental or regulatory unit's police or regulatory power.

### E. Receiver's Report to the Court and Compensation

32. **IT IS FURTHER ORDERED** that the Receiver maintain written accounts, itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of receivership funds; make such written accounts and supporting documentation available to the Commission for inspection, and, within ninety (90) days of being appointed and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the receivership estate, and otherwise perform the duties mandated by this Order.

33. **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. The Receiver and all personnel hired by the Receiver shall be compensated solely out of funds now held by or in the possession or control of or which may in the future be received by Defendant or Relief Defendants, or from proceeds of the sale of Defendant's or Relief Defendants' assets, and shall not be entitled to any compensation from the Commission. The compensation of the Receiver and his professionals shall be entitled to priority as administrative expenses. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such

request filed no more than ninety (90) days after the date of this Order and subsequent requests filed quarterly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the Receiver and all personnel hired by the Receiver. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**F.     Limitation of Receiver's Liability**

34.    **IT IS FURTHER ORDERED** that the Receiver and all persons hired by Receiver are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment or decree. In no event shall the Receiver or persons hired by Receiver be liable to anyone (1) with respect to the performance of their duties and responsibilities as Receiver or persons hired by Receiver, or (2) for any actions taken or omitted by them, except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties. Nothing in this provision is intended to provide a defense against liability for any actions taken by the Defendant or Relief Defendants or their personnel prior to the appointment of Receiver.

**G.     No Bond**

35.    **IT IS FURTHER ORDERED** that the Receiver is appointed without bond.

### VIII.   FORCE AND EFFECT

36.    **IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes

## IX. FURTHER COURT HEARINGS

**IT IS FURTHER ORDERED** that this matter is set for a status hearing on _____ at _____ o'clock [AM] [PM] by [appearance of the parties] [telephone conference call].

(Section IX struck through)

**IT IS SO ORDERED.**

_____
GRAHAM C. MULLEN
**United States District Judge**