UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HARVEY MASON,<br><br>Defendant, and<br><br>THE JHM FOREX ONLY POOL (f/k/a THE JHM FOREX ONLY POOL, LP), and FOREX TRADING AT HOME,<br><br>Relief Defendants. | NO. 3:13-CV-196 |

**SUPPLEMENTAL ORDER REGARDING SALE OF REAL PROPERTY - 2222 HICKORY RUN, GRAHAM, NORTH CAROLINA**

This matter was heard on the *Receiver's Motion To Transfer Lien to Proceeds Regarding Real Property 2222 Hickory Run, Graham, North Carolina* (the "Motion") (D.E. 59) filed on February 3, 2014 and the correspondence response by the Assistant U. S. Attorney District of South Carolina (the "Response") (D.E. 61) filed on March 3, 2014 concerning the sale of a condominium unit more fully described below known as 2222 Hickory Run. The Court finds that it has jurisdiction over this matter, notice was proper, the only response filed was the Response and the deadline to object to the Motion has passed. The Court has reviewed the Motion and Response and finds and concludes as follows:

1. On March 27, 2013, the U.S. Commodity Futures Trading Commission (the "CFTC") filed a civil complaint against James Harvey Mason as Defendant and The JHM Forex Only Pool

(f/k/a The JHM Forex Only Pool, LP) and Forex Trading At Home as Relief Defendants (the "Relief Defendants"), initiating case number 3:13-cv-196 (the "CFTC Action"), in the United States District Court for the Western District of North Carolina (this "Court").

2. Also on March 27, 2013, this Court entered an order in the CFTC Action entering a temporary injunction and appointing the Receiver (the "Temporary Receivership Order").

3. On May 22, 2013, this Court entered its *Order of Preliminary Injunction*, creating a preliminary injunction and confirming the appointment and the powers and duties of the Receiver (the "Receivership Order") and restating the stay of activities involving property of the Defendant or Relief Defendants.

4. The Receiver's investigation revealed that certain real property purchased by James H. Mason Trustee of the JHM Trust U/W/A Dated July 18, 2008 (collectively, "Mason"), consisting of condominium unit No. 9 of Hickory Run Condominiums along with a 5.3 percentage undivided interest as tenant in common and as appurtenant to unit No. 9 in all "Common Areas and Facilities" located in Graham, Alamance County, North Carolina is available for liquidation for the benefit of the Receivership Estate (the "Real Property"). The PIN number for the Real Property is 8893406581 and it is also known as 2222 Hickory Run. It was transferred to Mason via General Warranty Deed dated September 17, 2012 and filed at the Alamance County Registry at Book 3140, Page 597-599. The Real Property was used by Mason as an office prior to the filing of this action.

5. On or about August 6, 2014, the Receiver entered into an Exclusive Right to Sell and Listing Agreement with a realtor for the purpose of marketing and selling the Real Property.

6. On or about January 7, 2014, the Receiver received an Offer to Purchase and Contract as to the Real Property (the "Contract") and in *Receiver's Motion for Approval of Offer*

*to Purchase and Contract as to Real Property and For Authority to Consummate Sale of Real Property – 2222 Hickory Run, Graham, North Carolina,* (the "Sale Motion") filed herein on January 7, 2014, the Receiver sought this Court's approval to sell the Real Property. On January 23, 2014, this Court entered its *Order Granting Receiver's Motion for Approval of Offer to Purchase and Contract as to Real Property and For Authority to Consummate Sale of Real Property – 2222 Hickory Run, Graham, North Carolina.* A closing on the transaction was set for Tuesday, January 28, 2014.

7. On the eve of closing, the buyer's closing attorney disclosed to the Receiver that a document titled "Notice Of Lien For Fine And/or Restitution Imposed Pursuant To The Anti-Terrorism And Death Penalty Act Of 1996" had been filed with the Alamance County Clerk of Superior Court by the Department of Justice, United States Attorney's Office for the District of South Carolina on September 3, 2013 against James H. Mason (the "U.S. Lien"). A true copy of the U.S. Lien is attached to the Motion as "Exhibit A". Ultimately the closing did not occur and the buyer terminated the Contract.

8. To complete a sale of the Real Property, the Receiver must be able to transfer the Real Property free and clear of liens.

9. The outstanding amount owing pursuant to the U.S. Lien as of the date of this Order is $21,133.10 with an interest rate of 0%.

10. Upon selling the Real Property the U.S. Lien should be paid out of the proceeds of the sale and the U.S. Lien should be released.

It is **THEREFORE ORDERED** as follows:

    (a)    Upon a sale and a closing of the Real Property, the Receiver shall cause $21,133.10, or such amount that is then due , to be paid out of

the proceeds of such sale to the United States pursuant to the U.S. Lien; and

(b) Prior to such closing the U.S. Attorney's Office, District of South Carolina shall provide an executed Lien Release to the Receiver to be held in trust until closing, to be filed in Alamance County upon payment being made to the United States on the U.S. Lien.

**SO ORDERED.**

Signed: March 11, 2014

Graham C. Mullen
United States District Judge