UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HARVEY MASON,<br><br>Defendant, and<br><br>THE JHM FOREX ONLY POOL (f/k/a THE JHM FOREX ONLY POOL, LP), and FOREX TRADING AT HOME,<br><br>Relief Defendants. | NO. 3:13-CV-196-GCM |

## ORDER APPROVING (1) CLAIMS VERIFICATION AND NOTICE PROCEDURES AND (2) RESERVING ISSUES CONCENERING DISTRIBUTION METHOD AND DISTRIBUTION PROCEDURE

**THIS MATTER** came before the Court upon the *Receiver's Motion for Approval of Proposed (1) Claims Verification and Notice Procedures and (2) Claims Distribution Method and Distribution Procedure* filed on August 5, 2014 (the "Motion") (Doc. No. 86) seeking this Court's approval of proposed procedures for verifying Investors' claims for their losses ("Claims Procedures"), including (1) a notice to Investors relative to the claims process ("Notice"), (2) a proof of claim verification form ("Claim Verification Form"), (3) a proposed bar date by which Investors must submit verification of their Claims ("Claims Bar Date"), and (4) a claims review and objection process ("Review Process"). In addition, the Receiver through the Motion seeks approval of a proposed method of calculating distributions to Investors ("Distribution Method")

and of proposed procedures for making distributions to injured Investors ("Distribution Procedures"). On or about August 18 and 28, 2014 Walter T. Krantz raised certain objections to the distribution method (Doc. Nos. 90 & 92). The Court finds that it has jurisdiction over this matter and that notice was proper. The Court has reviewed the Motion and concludes that the relief requested in the Motion should be partially granted and partially continued, reserving issues related to distribution method and distribution process until after a hearing on those issues as follows:

## **CLAIM PROCEDURES**

The Court approves the following procedures for establishing Investors' Claims:

**Notice of Claims Process; Claim Verification Form**

a. The Receiver will send the Notice to all mailing addresses and email addresses associated with Investors that the Receiver has compiled from Mason's records and will post said Notice on the Receivership website at http://masonreceivership.wordpress.com/; a copy of the Notice is attached hereto as Exhibit 1. Each Notice will be accompanied by copies of the Claims Spreadsheet (a document the Receiver has created compiling Investor deposits and Investor withdrawals, a copy of which is attached to the Motion) and a Claim Verification Form, a copy of which is attached hereto as "Exhibit 2". Investors who wish to receive distributions from the Receivership Estate will be instructed by the Notice to complete and return the Claim Verification Form on or before the Claims Bar Date, as defined below. If an Investor disagrees with the Claims Spreadsheet's proposed total deposit amount ("Total Investment") and/or pre-receivership disbursements ("Total Withdrawals") for the Investor's account, the Investor will be required to submit accompanying documentation to evidence any alleged discrepancy.

b. The Court understands that some Investors have already filled out and forwarded a Claim Verification Form to the Receiver. To the extent the Receiver has already received a Claim Verification Form from an Investor, the Receiver does not need to provide the Notice described above to the Investor.

c. Any Claim Verification Forms disputing the amounts shown on the Claims Spreadsheet will be subject to objection by the Receiver for lacking proper documentation. Proper documentation includes but is not limited to the following:

(1) Investor name, mailing address, and email address;

(2) Investor's JHM account number;

(3) A summary of each deposit and withdrawal made by the Investor; and

(4) Documentation of all deposits and withdrawals, including but not limited to: wire transfer confirmations or canceled checks, JHM confirmations, and JHM statements reflecting deposits and withdrawals.

d. Claim Verification Forms must be signed so as to indicate that, to the best of the Investor's knowledge, the Claim Verification Form is true, correct, complete and accurate according to the Investor's records. Completed Claim Verification Forms and documentation may be submitted to the Receiver by email at masonreceivership@grierlaw.com or by mail addressed to or hand delivery at:

> Mason/JHM Claims
> Grier Furr & Crisp, PA
> 101 North Tryon Street, Suite 1240
> Charlotte, NC 28246

**Claims Bar Date**

The Claims Bar Date shall be forty (40) days from the date the Receiver mails/emails the Notice. Claim Verification Forms and accompanying documentation will be due to the Receiver

3

by the Claims Bar Date. The Claims Bar Date will appear prominently on the Notice and the Claim Verification Form. In addition, the Claims Bar Date will be posted on the Receivership website, http://masonreceivership.wordpress.com/. Claims submitted after the Claims Bar Date (or never submitted at all) shall not be allowed and no distribution shall be made on such claims. The Receiver may extend the Claims Bar Date for individual Investors, for good cause, for as much as an additional forty-five (45) days; provided, however, that the date should be freely extended where appropriate. Any Investor who requests such an extension from the Receiver should do so in writing prior to the expiration of the then applicable Claims Bar Date.

**Claims Review Process and Claims Report**

Once the Claims Bar Date has run, the Receiver will review each Claim Verification Form and the accompanying documentation and will verify the Total Investment and Total Withdrawals for each Investor. The Receiver will then file with the Court and serve on all interested parties a final version of the Claims Spreadsheet outlining the Receiver's recommendation as to each Investor's Total Investment and Total Withdrawals, together with a narrative explanation of any objection by the Receiver to a submitted claim (the "Claims Report"). All distributions made to Investors will be calculated based on the Total Investment and Total Withdrawal amounts appearing in the Claims Report, subject to modification by this Court.

To the extent that any claim is objectionable, the Claims Report will set forth the basis for the Receiver's objection. The Receiver may object to Investor claims on any of the following grounds: (1) the claim was tardy; (2) the claim is not adequately documented; (3) the claimed amounts included false profits; (4) the claim is not against JHM; or (5) any other valid objection. To protect Investor privacy, the Claims Report will list Investors by JHM account numbers only.

### Procedure for Objections to Claims Report

Each Investor will have the opportunity to object to all or any portion of the Claims Report, including the amounts of that Investor's Total Investment and Total Withdrawals listed on the Claims Report. Investors may respond to any objection raised by the Receiver to their respective Claim Verification Forms by filing a written objection or response with the Court and serving a copy on the Receiver. Any such Investor objections or responses will be required to be submitted within thirty (30) days after the date the Claims Report is filed and served. The Receiver will attempt to negotiate with any objecting or responding Investor as to that Investor's Total Investment and Total Withdrawals status and amount. Objections that are not resolved through negotiations will be resolved by the Court.

### Order on Claims Report

The Court's order on the Claims Report will reflect a final determination of the amounts of the Total Investment and Total Withdrawals of all Investors.

The Claims Procedures and Review Process described above reflect a reasonable method of soliciting and evaluating Investor claims. The Claims Procedures and Review Process afford Investors appropriate due process.

## DISTRIBUTION PROCEDURES

The Court reserves the issues concerning calculation of claims distribution method and distribution procedures and will set a hearing to address these issues, which notice of hearing shall be served by the Receiver on all Investors and other parties requesting notice and posted on the Receivership webpage at http://masonreceivership.wordpress.com/.

**IT IS, THEREFORE, ORDERED** that the Motion is **GRANTED in part and CONTINUED in part** as follows:

(1) The Claims Procedures, Review Process, Notice, Claim Verification Form and Claims Bar Date as set forth herein are **APPROVED**; and

(2) The issues concerning method for calculating Investor distributions (Distribution Method) in this case and Distribution Procedures shall be set for hearing by the Court with notice of such hearing to be served by the Receiver to all Investors, other parties requesting notice herein and posted on the Receiver's webpage at http://masonreceivership.wordpress.com/ once the Court issues its notice of hearing.

**SO ORDERED.**

This ⎯22⎯ day of ⎯Sept⎯ 2014.

Graham C. Mullen
Senior United States District Court Judge