IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:13-CV-196

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

v.

JAMES HARVEY MASON,

                Defendant, and

THE JHM FOREX ONLY POOL (f/k/a
THE JHM FOREX ONLY POOL, LP), and
FOREX TRADING AT HOME,

                Relief Defendants.

## ORDER REAPPOINTING RECEIVER AND AUTHORIZING RECEIVER TO INITIATE ACTIONS AGAINST NET WINNERS

**THIS MATTER** came before the Court upon the *Motion for Authority to Initiate Actions Against Net Winners* (Doc. No. 89) filed on August 21, 2014 by Joseph W. Grier, III, Receiver (the "Receiver"), through counsel (the "Motion"). The Court finds that it has jurisdiction over this matter and that notice was proper. No objections or other responses to the Motion have been filed. The Court, having reviewed the Motion and the record in this case, finds and concludes as follows:

      1.      On March 27, 2013, the U.S. Commodity Futures Trading Commission filed a civil complaint against James Harvey Mason as Defendant and The JHM Forex Only Pool (f/k/a The JHM Forex Only Pool, LP) and Forex Trading At Home as Relief Defendants (collectively, the "Defendants") (Doc. No. 1) (the "Complaint"), initiating this civil enforcement action.

2. Also on March 27, 2013, the Court entered a Statutory Restraining Order (Doc. No. 11) in this action appointing the Receiver and directing the Receiver to take custody, control and possession of all funds, property and other assets in the possession or control of the Defendants and to perform all acts necessary to hold, manage and preserve the value of such assets (collectively, the "Receivership Estate").

3. On May 22, 2013, the Court entered an Order of Preliminary Injunction in this Action (Doc. No. 22) (the "Preliminary Injunction"), creating a preliminary injunction and confirming the appointment and the powers and duties of the Receiver, including the power to initiate any actions or proceedings necessary to increase the value of the Receivership Estate.

4. The Complaint alleges that, despite guaranteeing various returns on investments in Defendants' foreign currency trading venture, Defendants actually lost at least $1,000,000.00 overall in foreign currency trading and diverted a substantial portion of customers' funds for unauthorized or improper purposes.

5. The Receiver's investigation of Defendants' books and records has indicated to the Receiver that Defendants reported fictitious profits to customers and, rather than investing all funds deposited by customers in foreign currency trading, misappropriated a substantial portion of customer deposits in order to make payments to prior customers on fictitious "earnings," in a typical Ponzi scheme fashion.

6. The Receiver has identified at least thirty (30) of Defendants' customers who received withdrawals / distributions from Defendants in excess of the amount of principal paid to Defendants ("Net Winners").

7. The Receiver believes litigation appears necessary in order to recover amounts owing to the Receivership Estate by several Net Winners.

**IT IS, THEREFORE, ORDERED** that:

(a) the Motion (Doc. No. 89) is **GRANTED**;

(b) Joseph W. Grier, III, of Grier Furr & Crisp, PA, is appointed receiver for the assets of defendant, James Harvey Mason, and relief defendants, The JHM Forex Only Pool (f/k/a The JHM Forex Only Pool, LP) and Forex Trading At Home, and the assets of any subsidiaries or affiliates of Defendants, with the full powers of an equity receiver and with the same powers and duties set forth more fully in the Preliminary Injunction; and

(c) The Receiver is authorized, without additional confirmation by the Court, to engage in any and all conduct necessary or appropriate to litigate any and all claims held by the Receivership Estate against Net Winners.

**SO ORDERED.**

Signed: September 9, 2014

*[signature]*

Graham C. Mullen
United States District Judge