FILED
CHARLOTTE, NC

OCT 14 2014

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HARVEY MASON,<br><br>Defendant, and<br><br>THE JHM FOREX ONLY POOL (f/k/a THE JHM FOREX ONLY POOL, LP), and FOREX TRADING AT HOME,<br><br>Relief Defendants. | CASE NO. 3:13-CV-196-GCM |

## ORDER APPROVING DISTRIBUTION METHOD AND DISTRIBUTION PROCEDURE

**THIS MATTER** came before the Court at a hearing on October 14, 2014 upon the *Receiver's Motion for Approval of Proposed (1) Claims Verification and Notice Procedures and (2) Claims Distribution Method and Distribution Procedure* filed on August 5, 2014 (the "Motion") (Doc. No. 86). The Court having entered its *Order Approving (1) Claim Verification and Notice Procedures and (2) Reserving Issues Concerning Distribution Method and Distribution Procedures* (Doc. No. 94), the Receiver now seeks approval of a proposed method of calculating distributions to Investors ("Distribution Method") and of proposed procedures for making distributions to injured Investors ("Distribution Procedures"). The Court finds that it has jurisdiction over this matter and notice was proper.

One response dated August 18, 2014 by Walter T. Krantz raised certain objections to the distribution method (Doc. Nos. 90, 92) ("Response"). Specifically, the Response alleges that certain Investors were granted a security interest, either express, constructive, or otherwise, in undefined assets of the receivership and should be entitled to a priority in payment to the extent of the value of their collateral. Since filing the Response, Mr. Krantz has communicated with the Receiver and has clarified that he has no objection to the distribution method and procedures described in the Motion as they relate to funds available for distribution to Investors who do not have a security interest in assets of the receivership estate. Mr. Krantz has further represented that he does not object to entry of an order granting the motion provided that such order does not prejudice the ability of any Investor to subsequently allege the existence of a security interest encumbering receivership assets and the right to be paid first from such collateral.

The Court has reviewed the Motion and Response and concludes that the relief requested in the Motion should be granted as follows:

The Court approves the rising tide method of distribution on Investors' Claims as follows:

## Method for Calculating Claims Distribution Method

District courts have wide latitude and discretion in exercising their equitable powers in approving a distribution plan of receivership funds. *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 652 (7th Cir. 2009); *United States v. Durham*, 86 F.3d 70, 73 (5th Cir. 1996); *SEC v. Amerifirst Funding, Inc.*, 2008 WL 919546, at *3 (N.D. Tex. March 13, 2008). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). As the Mason Receivership Estate has insufficient funds to repay each investor in full, the goal and role

of the court is to determine the most fair distribution method given the circumstances. However, there are "no neat answers to the various equities involved" in Ponzi scheme cases where each of the investors were equally responsible for trusting the wrongdoer. *Johnson v. Studholme*, 619 F. Supp. 1347, 1350 (D. Colo. 1985), *aff'd sub nom Johnson v. Hendricks*, 833 F.2d 908 (10th Cir. 1987).

Historically courts have utilized at least five distribution methods for making distributions on allowed claims in Ponzi scheme cases:

> (1) The investors could return the [withdrawn] 'profits' to the entire pool prior to the pro rata distribution; (2) the investors could both retain their [withdrawn] 'profits' and demand a full pro rata share of their initial investments; (3) [the rising tide method whereby] the investors could retain their distributed profits but would be forced to subtract that profit after determining the pro rata share of their investments (4) [the net investment method whereby] the investors could retain their [withdrawn] 'profits' but would receive a pro rata share based on their initial investments minus the profit distribution, i.e., profits would be subtracted before determining the investor's pro rata shares, *CFTC v. Franklin*, 652 F. Supp. 163, 169 (W.D. Va. 1986), *rev'd in part sub nom Anderson v. Stephens*, 875 F.2d 76 (4th Cir. 1989); or (5) a modified net investment method whereby the investors could retain their withdrawn "profits" but would receive a pro rata share based on the sum of their initial investments and the "illusory profits" that were never withdrawn from the account minus the profit distribution, *S.E.C. v. Byers*, 637 F. Supp. 2d at 166, 182.

Order for Claims Distribution Method (Doc. No. 131) at 2-3, *CFTC v. Barki, LLC*, No. 09-cv-106 (W.D.N.C. Nov. 12, 2009).

The first method referenced above is impractical in that it requires investors to return funds they may no longer have. The second method is inequitable as investors who withdrew funds from their accounts would benefit from both a prior withdrawal as well as share a pro rata portion the receivership estate on their gross investment so that those investors would ultimately receive a larger percentage of their investment than other investors. The fifth method recognizes

3

illusory profits which is both inequitable and promotes the Ponzi scheme in recognizing inflated account balances.

The two most widely accepted distribution methods used in like receiverships are the third and fourth methods set forth above: the "rising tide method" and the "net investment method". *SEC v. Huber*, 702 F.3d 903, 906 (7th Cir. 2012); *SEC v. Parish*, 2010 WL 5394736 (D.S.C. 2010).

Both the rising tide method and net investment method distribute estate funds in a pro-rata manner to investors. Generally, under the rising tide method each investor retains funds previously received, but those withdrawals are credited against the investor's pro rata share of receivership assets which is calculated based on the total amount invested. Under the net investment method an investor's prior withdrawals are subtracted from the amount invested and distribution is calculated on that net amount invested.

These methods can be shown in the following formulas:

Rising Tide:

Step 1: Actual Dollars Invested x Pro Rata Percentage = Calculated Distribution

Step 2: Calculated Distribution – Pre-Receivership Withdrawals = *Actual Distribution*

Net Investment:

Step 1: Actual Dollars Invested – Pre-Receivership Withdrawals = Net Investment

Step 2: Net Investment x Pro-Rate Percentage = *Actual Distribution*

See *CFTC v. Wilson*, 2013 WL 3776902 (S.D. Calif. 2013); *SEC v. Huber*, 702 F.3d at 903; *SEC v. Byers*, 637 F. Supp. 2d at 182 (S.D. N.Y. 2009).

The Court finds that utilizing the rising tide method in this case provides a more equitable distribution of funds to the Investors than the net investment method. Specifically, distributions

4

under the rising tide method are made only to investors who received pre-receivership withdrawals (or no prior withdrawals) that were less than the percentage distribution to be made by the receiver. No distributions will be made to investors who have already received withdrawals greater than the percentage to be distributed. "The rising tide method prevents a customer who previously received funds as withdrawals from benefitting at the expense of other investors by retaining the benefit of the full amount of his withdrawal plus a distribution calculated on the basis of net funds invested." *CFTC v. Wilson*, 2013 WL 3776902, at *3.

"Under the rising tide method, withdrawals are considered part of the distribution received by an investor and so are subtracted from the amount of the receivership assets to which he would be entitled had there be no withdrawals. *SEC v. Huber*, 702 F.3d at 905. Thus, this methodology allows the receiver to distribute based on the gross amount deposited into an account from account inception, calculating a pro rate distribution amount, taking into account all withdrawals pre-receivership treating those withdrawals as distributions and then making a payment if warranted to equal the distribution percentage, *i.e.*, this method considers the distributions over the life of the account.

The net investment method, on the other hand, ignores how much an investor received in withdrawals pre-receivership and instead simply considers the net loses as of the time the receivership commences.

The rising tide method is the most commonly used distribution method in Ponzi scheme receiverships. *See SEC v. Huber*, 702 F.3d at 906 (collecting cases). This method strives to equalize recovery for victims regardless of whether such recovery of invested funds comes before or after commencement of the receivership.

In this case, assuming (for exemplary purposes) that the Receiver will distribute a total of $1,000,000.00 in collected funds to Mason's victims, based on the current version of the Claims Spreadsheet, approximately 92% of the 600-plus accounts listed on the Claims Spreadsheet will receive a greater distribution under the rising tide method than they would under the net investment method, according to the Receiver's calculations (with 8% receiving less than they would under a net investment method). To distinguish the Court's decision in the *Barki* case where the Court ordered the net investment method be utilized, 55% of the victims in *Barki* would have been excluded from receiving distributions under a rising tide method of distribution. In other words, distributions using the rising tide method in this case will benefit 92% of JHM investors.

The Court finds that the most equitable, most fair distribution method in this case is the rising tide distribution method.

**Distribution Procedures**

The Court approves the following procedures for making distributions on allowed claims:

a. The Receiver shall make distributions via checks payable to the name or entity listed upon the Claim Verification Form;

b. Distribution checks will be mailed to the address listed on the Claim Verification Form;

c. If a distribution check is not negotiated or is returned as undeliverable and no appropriate forwarding address is received within 90 days of its issuance, then such distribution shall be cancelled and be forfeited back into the Receivership Estate;

d. The Receiver shall file a motion for approval of any interim, as well as a final, distribution on a fourteen (14) day notice period.

**IT IS, THEREFORE, ORDERED** that the Motion is **GRANTED** as follows:

(1) The rising tide method for calculating Investor distributions in this case is **APPROVED**; and

(2) The Distribution Procedures as set forth herein are **APPROVED**; provided, however, that nothing herein shall prejudice the ability of any Investor to subsequently allege, by separate pleading, the existence of a security interest encumbering assets of the receivership estate and the right to a priority in payment to the extent of the value of such collateral.

**SO ORDERED** this 14th day of October, 2014.

*Graham C. Mullen*
UNITED STATES DISTRICT JUDGE